**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: AMERICAN MEDICAL COLLECTION AGENCY DATA BREACH LITIGATION | MDL DOCKET NO. 2904 |

**MEMORANDUM OF OSWALD PLAINTIFFS IN PARTIAL SUPPORT OF MOTION OF PLAINTIFF PAULA WORTHEY FOR TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C § 1407**

Plaintiffs Robert Oswald, Mary Beth Kerns, Marcia Sorin-Rosenthal, Stephen Rosenthal, Rosa Villarreal, Karina Gras, Jeffrey Grossman, Jorge M. Fernandez, Jr., Hector Valdes, Mark Meisel, Zakaria Haque, Lori Weinrib and Robert Corwin (together, the "Oswald Plaintiffs") respectfully submit this memorandum of law in partial support of Plaintiff Paula Worthey's motion for transfer to and consolidation or coordination pursuant to 28 U.S.C. § 1407. The New York Plaintiff group agree with Ms. Worthey that centralization is appropriate in this proceeding, and that the Southern District of New York is an appropriate venue for centralization. However, for the reasons detailed below, only those related cases in which Laboratory Corporation of America Holdings and/or its affiliates (collectively, "LabCorp") should be centralized in that district.[1] The LabCorp cases raise issues that are substantially, if not overwhelmingly, distinct from the issues raised by other related cases, which address a separate data breach. The other cases, which center on a data breach affecting the customers of defendant Quest Diagnostics, Inc. ("Quest"), should be centralized in the District of New Jersey.

---

[1] The related cases in which LabCorp is named as a defendant are identified in the appended Schedule of Related LabCorp Cases.

## FACTUAL BACKGROUND

On June 3, 2019, Ms. Worthey filed the earliest of the related cases that are subsumed in this proceeding. The following day, Ms. Worthey filed her motion with the Panel, despite the pendency at point of only three related cases. *See* Worthey Mem. (Dkt. 1-1), at 3. Each of those actions addressed a data breach that compromised the sensitive information of nearly 12 million patients of Quest Diagnostics, Inc. ("Quest"). *Id.* at 2. Quest gave sensitive patient information to defendant Optum360 Services, Inc. ("Optum"), which in turn gave that information to defendant American Medical Collection Agency, Inc. ("AMCA"). *See, e.g.,* Complaint ¶ 4, *Marler v. Quest Diagnostics, Inc.*, No. 8:19-cv-01091 (C.D. Cal.).[2]

That same day, LabCorp disclosed that a separate data breach had compromised the sensitive information of over seven million of its customers. *See* Complaint ¶ 12, *Oswald v. American Med. Collection Agency*, No. 7:19-cv-05302 (S.D.N.Y.). Seven of the Oswald Plaintiffs collectively filed the first two of the related cases naming LabCorp (but not Quest) in the Southern District of New York on June 5 and June 6. Unlike Quest, LabCorp dealt directly with AMCA. *See, e.g.,* Complaint ¶ 2, *Shulman v. Laboratory Corporation of America Holdings,* No. 1:19-cv-00616 (M.D.N.C.).

The Oswald Plaintiffs neither intended nor anticipated that those cases would be subsumed in this proceeding. However, on June 14, Ms. Worthey filed a Notice of Related Actions that referenced the Oswald Plaintiffs' LabCorp cases. Dkt. No. 9 ¶¶ 1, 3.[3] The only fact tending to link the two sets of cases is the involvement of AMCA. However, in the wake of

---

[2] Copies of all complaints cited in this submission have been filed with the Panel in the course of this proceeding.

[3] Other parties have since filed additional notices identifying LabCorp cases as related cases. *See* Dkt. Nos. 33, 47, 56.

being named in each of several complaints, AMCA filed for bankruptcy on June 17, 2019. *See* Petition, No. 19-23185 (Bankr. S.D.N.Y.). The result is that AMCA will not be involved in any of the related cases.

Even if that were not the case, the facts at issue in the LabCorp cases, on the one hand, and the Quest cases, on the other, are such that their centralization in a single district would unnecessarily burden that district, absent any significant benefit to the parties and witnesses. In particular:

- There will be no discovery of the only defendant common to the two sets of cases, AMCA.
- Quest had no direct relationship with AMCA. LabCorp dealt directly with AMCA.
- The two sets of cases will encompass two separate classes, one comprised of LabCorp customers, and one comprised of Quest customers.
- As only Quest and LabCorp dealt directly with those customers, it is Quest's and LabCorp's separate data security policies and practices that will be primarily at issue.

In short, by virtue of AMCA's bankruptcy, the universe of facts before any court relevant to Quest, and the universe of facts before any court relevant to LabCorp will intersect only marginally, at least as compared to what Ms. Worthey had reason to contemplate upon initially seeking to bring the LabCorp cases into this proceeding. That intersection is insufficient to justify centralizing the respective sets of cases in a single proceeding, or to unnecessarily burden a single district with the oversight of such an unwieldy proceeding.

**ARGUMENT**

I. **THE RELATED ACTIONS SHOULD BE TRANSFERRED AND CONSOLIDATED OR COORDINATED IN SEPARATE DISTRICTS FOR PRETRIAL PROCEEDINGS.**

The Panel previously considered circumstances analogous to those at issue now in *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696 (J.P.M.L. 1995). That opinion addressed MDL 1088, *In re Citric Acid, Corn Sweeteners and Lysine Antitrust Litigation*, in which plaintiffs alleged that ADM, a defendant common to all of the cases encompassed in that proceeding, was at the center of price-fixing conspiracies affecting the markets for each of three products. There was no question that ADM would be the scope of exhaustive discovery as to all three products. The Panel nevertheless refused to create a single proceeding encompassing all three products, observing that the products at issue were "produced for the most part by different manufacturers, and sold by them to different alleged classes of purchasers," and that "of the sixteen defendants in the three categories of actions, only two (ADM and Cargill) are named with respect to more than one product." *Id.* at 701. *See also In re Methionine Antitrust Litig.*, 1999 U.S. Dist. LEXIS 19206, at *4 (J.P.M.L. Dec. 8, 1999) (citing *Amino Acid Lysine*). The divergence in this proceeding is greater yet. In addition to the different classes of customers, the two sets of cases share only one common defendant, which will be entirely absent for the remainder of the litigation.

II. **THE LABCORP ACTIONS SHOULD BE TRANSFERRED TO AND CONSOLIDATED OR COORDINATED IN THE SOUTHERN DISTRICT OF NEW YORK.**

The Southern District of New York is the most obvious venue for the pending LabCorp cases. Seven of the Oswald Plaintiffs collectively filed each of the first two cases against LabCorp. The first of those has been assigned to Judge Vincent Briccetti, who has ample

4

experience overseeing consumer class actions. *See, e.g., Suarez v. California Natural Living, Inc.*, 2019 WL 1046662 (S.D.N.Y. Mar. 5, 2019); *Kaatz v. Hyland's, Inc.*, No. 16-cv-00237 (S.D.N.Y.); *In re Scotts EZ Seed Litig.*, No. 12-cv-04727 (S.D.N.Y.). There are currently more related cases naming LabCorp pending in that district than in any other district. Finally, the collective convenience of the parties would be best served by the Panel's accommodation of the LabCorp plaintiffs who filed in the Southern District of New York, who by themselves outnumber the plaintiffs in all of the other related LabCorp cases combined.

### III. THE QUEST ACTIONS SHOULD BE TRANSFERRED TO AND CONSOLIDATED OR COORDINATED IN THE DISTRICT OF NEW JERSEY.

For the reasons detailed in the Memorandum of Oswald Plaintiffs Jorge M. Fernandez, Jr. and Hector Valdes (Dkt. No. 3), the District of New Jersey is the most appropriate venue for the related Quest cases. Among other reasons, Quest is headquartered in Secaucus, New Jersey, within a 20-minute drive from the Newark vicinage of the District of New Jersey; and more related cases naming Quest are pending in the District of New Jersey than in any other court. The Oswald Plaintiffs further join in the submission of Plaintiff Julio Antonio Perez Vieyra, to the extent that submission supports the centralization of the related Quest cases in the District of New Jersey.

### CONCLUSION

For all of the foregoing reasons, the Oswald Plaintiffs respectfully request that the Panel transfer and consolidate or coordinate only the actions identified in the appended Schedule of Related LabCorp Cases.to the Southern District of New York, and the remaining related cases to the District of New Jersey.

Dated: June 26, 2019	Respectfully submitted,

	/s/ Linda P. Nussbaum
	Linda P. Nussbaum
	NUSSBAUM LAW GROUP, P.C.
	1211 Avenue of the Americas, 40th Floor
	New York, NY 10036-8718
	(917) 438-9189
	lnussbaum@nussbaumpc.com

	*Counsel for Plaintiffs Robert Oswald, Mary Beth Kerns, Marcia Sorin-Rosenthal, Stephen Rosenthal, Rosa Villarreal, Karina Gras, Jeffrey Grossman, Jorge M. Fernandez, Jr., Hector Valdes, Mark Meisel, Zakaria Haque, Lori Weinrib and Robert Corwin*

## SCHEDULE OF RELATED LABCORP CASES

| DISTRICT | CASE NAME | CASE NUMBER |
|---|---|---|
| S.D.N.Y. | *Oswald v. American Medical Collection Agency, Inc.* | 7:19cv5302 |
| S.D.N.Y. | *Villarreal v. American Medical Collection Agency, Inc.* | 7:19cv5340 |
| S.D.N.Y. | *Henry v. American Medical Collection Agency, Inc.* | 7:19cv5392 |
| S.D.N.Y. | *Jilek v. Retrieval-Masters Creditors Bureau, Inc.* | 7:19cv5552 |
| M.D.N.C. | *Shulman v. Laboratory Corporation of America Holdings* | 1:19cv616 |
| M.D.N.C. | *Hively v. Laboratory Corporation of America Holdings* | 1:19cv609 |
| M.D.N.C. | *Brown-Wells v. Laboratory Corporation of America Holdings* | 1:19cv627 |
| D. Minn. | *Laughlin v. Optum360, LLC* | 0:19cv1661 |
| W.D. Pa. | *Chuha v. Quest Diagnostics Incorporated* | 2:19cv742 |
| D. Kan. | *Finch v. Laboratory Corporation of America Holdings* | 2:19cv2307 |